IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

CASE NO. CV-01-BU-1801-S

JOHNNY C. McCLAIN and ANNIE McCLAIN,
husband and wife,
    Plaintiffs,

v.

METABOLIFE INTERNATIONAL, INC., a corporation,
    Defendant.

FILED AUG 13 2001
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

### FIRST AMENDED COMPLAINT

COMES NOW the Plaintiffs, by and through their attorney, and amends their complaint against METABOLIFE INTERNATIONAL, INC. as follows:

1.    Plaintiffs reaver and adopt by incorporation each and every allegation set forth in their complaint filed heretofore as fully set forth herein.

### PARTIES AND JURISDICTION

2.    Plaintiffs add the following persons as additional plaintiffs in this case:
    (1)    SHIRLEY FRANKS and ROMAN L. FRANKS, husband and wife;
    (2)    WILMER HUDSON and GERTHA JONES, husband and wife;
    (3)    CONNIE THORNBURG and JEFFREY H. THORNBURG, husband and wife;
    (4)    ROBERTA WRIGHT, individually

3.    The added plaintiffs are twenty-one years of age or older and are residents of Alabama. Plaintiffs purchased and consumed METABOLIFE 356 which was manufactured and distributed by the defendant, without disclosure to them that these diet drugs were extremely dangerous to their health.

4.    Upon information and belief, the defendant, METABOLIFE INTERNATIONAL, INC. (hereinafter, "METABOLIFE"), a corporation, is a foreign corporation doing business in Alabama. METABOLIFE manufactured, marketed and/or, through some of its divisions, sold an appetite suppressant METABOLIFE 356

and other diet drug products containing ephedrine. The Defendant sells these diet drugs through either (1) by mail order, or (2) through distributors and/or franchisees.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 in that the plaintiffs are citizens of the State of Alabama and the amount in controversy with respect to each plaintiff exceeds seventy five thousand dollars ($75,000.00), exclusive of interest and cost.

6. Venue is proper in the Northern District of the State of Alabama because the defendant is a Corporation which is subject to personal jurisdiction in the Northern District.

## COUNT I

7. Defendant markets the appetite suppressant METABOLIFE 356 and other diet drug products containing ephedrine as safe, fact, and effective appetite suppressants. These diet drug products contain botanical, or so-called "natural" sources of ephedrine. Ingredient panels of these products may list Ma huang, Chinese ephedra, Ma huang extract, ephedra, Ephedra sinica, Ephedra extract, Ephedra herb powder, epitonin or ephedrine. Any one of these ingredients listed on the label indicate the presence of ephedrine in the product.

8. The Defendant has failed to adequately test the diet drug products for safety. Moreover, the Defendant has failed to warn users that ephedrine is a potent central nervous system stimulant and is capable of producing the following adverse effects from taking defendants' diet drugs: nervousness, dizziness, tremors, alternations in blood pressure or heart rate, headache, gastrointestinal distress, chest pain, myocardial infarctions, stroke, seizures, psychosis, brain damage, and death. Had the Plaintiffs been adequately warned that the diet drug products could lead to such permanent and life-threatening side effects, they would have chosen not to purchase these appetite suppressants, and therefore, their exposure to the dangerous diet drug, as well as other damages referred to herein, could have been avoided completely. In order to have the requisite information to make an informed decision whether to take this medication for weight loss purposes, Plaintiffs should have been informed by the Defendants of the extremely dangerous and sometimes lethal effects of these diet drug products when used either individually or in combination.

9. METABOLIFE negligently, recklessly and wantonly failed to warn prospective users of the dangers inherent in the use of their diet medication and Metabolife negligently, recklessly and wantonly failed to test said product for such dangers.

10. As a direct and proximate result of Defendant's negligence, recklessness and wanton misconduct:

 (A) Plaintiff SHIRLEY FRANKS suffered a stroke on or about August 27, 2000.
 (B) Plaintiff WILMER HUDSON suffered a heart attack on or about April 13, 2000.
 (C) Plaintiff CONNIE THORNBURG suffered a stroke on or about February 9, 2000.
 (D) Plaintiff ROBERTA WRIGHT suffered a stroke on or about December 19, 1999.
 (E) Plaintiffs were caused to be treated by various doctors and medical providers;
 (F) Plaintiffs were caused to undergo various treatments;
 (G) Plaintiffs were caused to incur medical expenses in and about their efforts to heal and cure their said injuries and will incur additional medical expenses in the future;
 (H) Plaintiffs were caused to be permanently injured and disabled.

### COUNT II

 11. Plaintiffs repeat, replead, and incorporate by reference all of the allegations contained in Count I as fully set forth herein.

 11. Defendant's promotional materials and advertisements relating to the use of the appetite suppressant METABOLIFE 356 and other diet drug products containing ephedrine and/or the combined use of these diet drugs were misleading and had a tendency to deceive the plaintiffs because they:

 a. Were not accompanied by proper warnings regarding all possible adverse side effects associated with the use of the diet drugs, when used singularly or in combination, and the comparative severity and duration of such adverse effects, as previously set forth herein and did not accurately reflect the symptoms, scope or severity of the side effects;

 b. failed to disclose that Defendants failed to perform adequate testing that would have shown that the appetite suppressant METABOLIFE 356 and the other diet drug products containing ephedrine, used individually and/or in any combination thereof, possessed serious potential side effects with respect to which full and proper warning accurately and fully reflecting symptoms, scope and severity should have been made;

 c. Failed to effectively warn users that numerous other methods of weight loss, including non-drug methods of weight loss such as diet control and

exercise, should be foremost and/or used as exclusive methods of weight loss, particularly for the non-clinically obese individuals and for high risk individuals;

d.      Failed to disclose the risk of injury from individual use of the appetite suppressant METABOLIFE 356 and other diet drug products containing ephedrine and/or the combined use of these diet drugs discovered by the defendants after the initial marketing of the diet drugs as particularized above; and

e.      were misleading and deceptive in stating that the diet drugs had been laboratory tested while failing to disclose that, notwithstanding the laboratory testing, the diet drugs had not been clinically tested for safety.

12.     Such promotional materials and advertisements used for the sale of the appetite suppressant METABOLIFE 356 and other diet drug products containing ephedrine which were used and/or endorsed by the defendants, did not provide sufficient warnings and instructions that would have put the plaintiff on notice of the dangers and adverse side affects from the use of the diet drugs.

13.     As a direct and proximate result of Defendant's deceptive advertising, fraud and suppression:
(A)     Plaintiff SHIRLEY FRANKS suffered a stroke on or about August 27, 2000.
(B)     Plaintiff WILMER HUDSON suffered a heart attack on or about April 13, 2000.
(C)     Plaintiff CONNIE THORNBURG suffered a stroke on or about February 9, 2000.
(D)     Plaintiff ROBERTA WRIGHT suffered a stroke on or about December 19, 1999.
(E)     Plaintiffs were caused to be treated by various doctors and medical providers;
(F)     Plaintiffs were caused to undergo various treatments;
(G)     Plaintiffs were caused to incur medical expenses in and about their efforts to heal and cure their said injuries and will incur additional medical expenses in the future;
(H)     Plaintiffs were caused to be permanently injured and disabled.

## COUNT III

14.     Plaintiffs repeat, replead, and incorporate by reference all of the allegations contained in Counts I and II as fully set forth herein.

15. METABOLIFE is liable to plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine:  Defendant was in the business of manufacturing and marketing appetite suppressant diet medication.  METABOLIFE and/or their agents designed, formulated, manufactured, assembled, prepared for sale, distributed, and/or sold said diet medication which was in a defective condition unreasonably dangerous when applied to its intended use in the usual and customary manner.  While consuming the said diet medication in its usual and customary manner as it was intended to be used, Plaintiff SHIRLEY FRANKS suffered a stroke on or about August 27, 2000, Plaintiff WILMER HUDSON suffered a heart attack on or about April, 2000., Plaintiff CONNIE THORNBURG suffered a stroke on or about February, 2000, and Plaintiff ROBERTA WRIGHT suffered a stroke on or about December, 1999, as a proximate result of METABOLIFE placing the product on the market, which was unreasonably dangerous and defective at the time it was placed on the market by METABOLIFE.  The said diet medication, at the time of plaintiffs' injuries and damage, was in substantially the same condition as it was at the time it was marketed by METABOLIFE.

16. As a direct and proximate result of Defendant's defective and unreasonably dangerous product:
- (A) Plaintiff SHIRLEY FRANKS suffered a stroke on or about August 27, 2000.
- (B) Plaintiff WILMER HUDSON suffered a heart attach on or about April 13, 2000.
- (C) Plaintiff CONNIE THORNBURG suffered a stroke on or about February 9, 2000.
- (D) Plaintiff ROBERTA WRIGHT suffered a stroke on or about December 19, 1999.
- (E) Plaintiffs were caused to be treated by various doctors and medical providers;
- (F) Plaintiffs were caused to undergo various treatments;
- (G) Plaintiffs were caused to incur medical expenses in and about their efforts to heal and cure their said injuries and will incur additional medical expenses in the future;
- (H) Plaintiffs were caused to be permanently injured and disabled.

## COUNT IV

17. Plaintiffs repeat, replead, and incorporate by reference all of the allegations contained in Counts I, II and III as fully set forth herein.

18.     METABOLIFE negligently, recklessly, and/or wantonly marketed appetite suppressant diet medication.

19.     As a direct and proximate result of Defendant's negligent, reckless and wanton misconduct in marketing the product:
- (A) Plaintiff SHIRLEY FRANKS suffered a stroke on or about August 27, 2000.
- (B) Plaintiff WILMER HUDSON suffered a heart attack on or about April 13, 2000.
- (C) Plaintiff CONNIE THORNBURG suffered a stroke on or about February 9, 2000.
- (D) Plaintiff ROBERTA WRIGHT suffered a stroke on or about December 19, 1999.
- (E) Plaintiffs were caused to be treated by various doctors and medical providers;
- (F) Plaintiffs were caused to undergo various treatments;
- (G) Plaintiffs were caused to incur medical expenses in and about their efforts to heal and cure their said injuries and will incur additional medical expenses in the future;
- (H) Plaintiffs were caused to be permanently injured and disabled.

## COUNT V

20.     Plaintiffs repeat, replead, and incorporate by reference all of the allegations contained in Counts I, II, III and IV as fully set forth herein.

21.     METABOLIFE breached its implied warranty of merchantability: METABOLIFE was a merchant or seller of appetite suppressant diet medication. METABOLIFE sold said diet medication. The Defendant's diet medication was used by plaintiffs for the ordinary purposes for which such products are used. The Defendant's diet medication was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such products are used. A defect or defects in the product purposes caused injury to plaintiff, who gave notice to METABOLIFE within a reasonable time after they discovered the breath of warranty.

22.     As a direct and proximate result of Defendant's breach of its implied warranty of merchantability:
- (A) Plaintiff SHIRLEY FRANKS suffered a stroke on or about August 27, 2000.
- (B) Plaintiff WILMER HUDSON suffered a heart attack on or about April 13, 2000.
- (C) Plaintiff CONNIE THORNBURG suffered a stroke on or about February 9,

6

(D) Plaintiff ROBERTA WRIGHT suffered a stroke on or about December 19, 1999.
(E) Plaintiffs were caused to be treated by various doctors and medical providers;
(F) Plaintiffs were caused to undergo various treatments;
(G) Plaintiffs were caused to incur medical expenses in and about their efforts to heal and cure their said injuries and will incur additional medical expenses in the future;
(H) Plaintiffs were caused to be permanently injured and disabled.

### COUNT VI

23. Plaintiffs repeat, replead, and incorporate by reference all of the allegations contained in Counts I, II, III, IV and V as fully set forth herein.

24. METABOLIFE breached its implied warranty of fitness: METABOLIFE sold appetite suppressant diet medication. At the time of the sale of the said diet medication, METABOLIFE knew, or had reason to know, of a particular purpose for which the product was to be used. At the time of the sale of said diet medication to plaintiffs, METABOLIFE knew, or had reason to know, plaintiffs were relying on the skill and judgment of METABOLIFE to select or furnish a suitable product for the intended purpose. At the time of the sale of the Defendant's diet medication to plaintiff, METABOLIFE exercised its skill and judgment in the selection of the product, and plaintiffs relied thereon. Defendant's diet medication was used by plaintiffs for the particular purpose for which selection had been made by METABOLIFE. Defendant's diet medication was not reasonably fit and suitable for the use for which it was selected. Failure of METABOLIFE to select a product which was reasonably safe for its intended use, proximately caused injury to plaintiffs, who gave notice to METABOLIFE within a reasonable time after they discovered the breach of warranty.

25. As a direct proximate result and of the breach of implied warranty of fitness of taking these medications as prescribed:
(A) Plaintiff SHIRLEY FRANKS suffered a stroke on or about August 27, 2000.
(B) Plaintiff WILMER HUDSON suffered a heart attack on or about April 13, 2000.
(C) Plaintiff CONNIE THORNBURG suffered a stroke on or about February 9, 2000.
(D) Plaintiff ROBERTA WRIGHT suffered a stroke on or about December 19, 1999.
(E) Plaintiffs were caused to be treated by various doctors and medical providers;

(F) Plaintiffs were caused to undergo various treatments;
(G) Plaintiffs were caused to incur medical expenses in and about their efforts to heal and cure their said injuries and will incur additional medical expenses in the future;
(H) Plaintiffs were caused to be permanently injured and disabled.

### COUNT VII

26. Plaintiffs repeat, replead, and incorporate by reference all of the allegations contained in Counts I, II, III, IV and V as fully set forth herein.

27. As a result of the Defendant's said wrongful conduct as hereto described above, Plaintiff, SHIRLEY FRANKS was caused and continues to lose the consortium and society of her husband, ROMAN L. FRANKS; Plaintiff WILMER HUDSON, was caused and continues to lose the consortium and society of his wife, GERTHA JONES; Plaintiff CONNIE THORNBURG was caused and continues to lose the consortium and society of her husband, JEFFREY H. THORNBURG.

WHEREFORE, premises considered, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs, and that it award damages to plaintiffs in an amount which will adequately compensate plaintiffs for the injuries and damages sustained by them due to the defendant's wrongful conduct. Additionally, if the wantonness of any of the defendants contributed to cause injury to plaintiffs, then plaintiffs also requests a verdict be rendered for punitive damages in an amount which will fully and completely accomplish the purposes of awarding such damages.

*Robert B. Roden*
Robert B. Roden  (ROD-006)
Attorney for Plaintiff
Shelby & Cartee
2956 Rhodes Circle
Birmingham, AL 35205
Phone (205) 933-8383

Alan Armstrong (ARM-013)
Attorney for Plaintiff
Law Offices Of Archie Lamb
2017 2nd Ave. North, #200
Birmingham, AL 35203

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES HEREIN.**

_____
Robert B. Roden

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

METABOLIFE INTERNATIONAL, INC.
5070 Santa Fe Street
San Diego, CA  92109

Edward Bowron, Esq.
PO Box 16046
Mobile, AL  36616