FILED
2002 Jun-12 PM 2:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY C. MCCLAIN, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CV 01-AR-1801-S |
| METABOLIFE INTERNATIONAL, ) | |
| INC., ) | |
| Defendant. ) | |

ENTERED
JUN 1 2 2002

### MEMORANDUM OPINION

The "deemed" motion by defendant, Metabolife International, Inc., based on Fed. R. Evid. 104 and 702, seeking to preclude the prospective testimony of plaintiffs' witnesses, James O'Donnell and Hashim Hakim, occasioned by plaintiffs' listing of the said two witnesses as "experts," was the subject of a so-called *Daubert* hearing on May 9, 2002. The judge to whom this case was previously assigned properly characterized defendant's objections to these witnesses as a *Daubert* motion. Both said witnesses actually testified and were subjected to rigorous cross-examination by defendant. Defendant offered no witnesses in opposition, relying, instead, on argument of counsel and the good judgment of the court. The court received and has considered post-hearing briefs from both defendant and plaintiffs.

The court acknowledges that the gatekeeping role assigned to trial judges by *Daubert* is daunting in many cases, including this one. Judges are not always, if



ever, equipped by education and experience to conduct the mandated *Daubert* analysis in a meaningful way.  Trying to cope in this case without a pharmacological, or a medical, or a chemical, or a scientific background, the court cannot fully and fairly appreciate and evaluate the methodology employed by either of these witnesses as they reached the conclusions they reached, conclusions that a jury could not reach without some expert opinion testimony.  Neither can the court fully appreciate or evaluate the criticisms made by defendant of the proposed testimony of these witnesses, especially when the criticisms do not come from competing proposed experts.  This court does not pretend to know enough to formulate a logical basis for a preclusionary order that would necessarily find, as a matter of law, that these witnesses cannot express to a jury the opinions they articulated to the court.

  Although there is serious debate over which party has the burden of proof of the admissibility, or the inadmissibility, of expert opinion when a *Daubert* objection is interposed, the Reference Manual on Scientific Evidence, Second Edition, published by the Federal Judicial Center as an adjunct to Moore's Federal Practice, recognizes that the gatekeeping obligation of the court under *Daubert* presupposes that the burden of **persuading** the court is on the proponent or offerer of the expert opinion, but that such burden is assumed only after the opponent or objector has met its initial burden of **production** by expressing a legitimately challenging objection.  Exactly how this works in practice is still being worked on.  *Id* at 29.

  In the instant case the proponents of the testimony, whether or not the opponent has mounted a legitimate challenge, have met their ultimate burden under

the *Daubert* rubric. When in its brief defendant criticizes Mr. O'Donnell as "glib, albeit knowledgeable," defendant is, in reality, raising a credibility issue and not a *Daubert* issue. *Daubert* does not require this court to pass upon a proferred expert's "glibness" or his lack of "glibness," especially when that witness appears to be "knowledgeable" on the scientific or specialized subject under investigation. Whether the jury will or will not be aided in this case by these particular witnesses is a question this court can only answer with a question: "Will the jury find them believable?" The threshold question of *Daubert* "reliability," then, as distinguished from "credibility," is answered by the court in favor of plaintiffs in this case.

Based on the foregoing, defendant's Rule 104/*Daubert* motion will be denied by separate order.

**DONE and ORDERED** this __12th__ day of June, 2002.

William M. Acker, Jr.
Sr. United States District Judge