IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 DEC -3 PM 3:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHNNY C. MCCLAIN, et al.,            }
                                       }
     Plaintiffs,                       }
                                       }     CIVIL ACTION NO.
v.                                     }     01-AR-1801-S
                                       }
METABOLIFE                             }
INTERNATIONAL, INC.,                   }
                                       }
     Defendant.                        }

ENTERED
DEC 3 2002

## MEMORANDUM OPINION

On November 19, 2002, immediately after the jury returned its answers to special interrogatories, constituting its verdict, the court was made aware of the contention of defendant, Metabolife International, Inc. ("Metabolife"), that the jury's answers are in irreconcilable conflict so that judgment cannot lawfully be entered. The court thereafter sought and received briefs on the subject from plaintiffs and defendant, and on November 27, 2002, heard oral argument with respect to the legal effect of the jury's answers.

The court agrees with the proposition that an irreconcilably inconsistent verdict cannot form a basis for final judgment. However, that principle is tempered by the proposition that a jury's verdict must be construed, if at all possible, to make it consistent and so that the jury made sense. In this case, Metabolife argues that the jury's findings in the McClain, Thornburg and Franks cases that Metabolife's conduct was wanton cannot be reconciled with its alleged finding in the Hudson case that Metabolife's same conduct was not wanton. Metabolife overlooks the second phrase in special interrogatory number 4. It is connected by the conjunction "and" with the question respecting the



conduct. The language is: "**and** that its said wanton conduct **proximately caused injury** to Wilmer Hudson." In order to assess damages against Metabolife for wanton conduct in favor of any one of the four allegedly personally injured plaintiffs, it was necessary that the particular plaintiff prove **by clear and convincing evidence both** that defendant's conduct was wanton **and** that the conduct proximately caused plaintiff's injury. It is more than theoretically possible that this jury found that Hudson failed to meet the higher standard of proof required of him to prove that Metabolife's conduct, which was found to be wanton in the McClain, Franks and Thornburg cases, and had proximately caused each of them injury, was not only wanton but **proximately caused Hudson's injury**. The mere fact that the jury found that Hudson had met his burden of proof by a lesser standard, i.e., a preponderance of the evidence, that Metabolife's defective product proximately caused him injury, is not inconsistent with its finding, under a higher standard of proof, i.e., clear and convincing evidence, that there was insufficient proof that Metabolife's wanton conduct had proximately caused his injury. Thus, the answer to Hudson's interrogatory number 4 can be reconciled with the answers to interrogatory number 4 in McClain's, Franks' and Thornburg's cases.

The court further finds that the jury's conclusion that Hudson was not guilty of negligence that proximately contributed to his injury, can be reconciled with the jury's findings that McClain, Franks and Thornburg were guilty of contributory negligence. Hudson's acquisition of Metabolife's allegedly defective product and his use of it were sufficiently different from the acquisition and use of it by McClain,

Franks and Thornburg to justify the jury's making the distinction it made in interrogatory number 2.

The fact that different amounts of punitive damages were assessed in favor of different plaintiffs in order to punish Metabolife for what constituted the same tortious conduct, is not, in the court's view, a fatal flaw in the jury verdict. This was not a class action. Rather, it was, in effect, four separate personal injury cases with three tag-along spouses.

Whether compensatory damages can be assessed twice to compensate a plaintiff for a single injury, when proximately caused by separate tortious acts committed by the same defendant, is a question reserved for consideration on Metabolife's promised Rule 59 motion. Recognizing that a ruling on defendant's Rule 50 motion will not be dispositive of Metabolife's prospective Rule 59 motion, the court will, by separate order, overrule Metabolife's Rule 50 motion and will enter judgment on the jury verdicts.

DONE this 3rd day of December, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE